# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KRISTIN NAGLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 680 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| DAN MCKERNAN and the ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kristin Nagle ("Nagle") alleges that defendant Dan McKernan violated her Fourteenth Amendment rights and committed battery against her while he was acting as a fire marshal for the City of Chicago. Nagle seeks to hold McKernan individually liable for his conduct pursuant to 42 U.S.C. § ("section") 1983, and both defendants liable for battery under state law. McKernan has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the section 1983 claim. For the reasons set forth below, the Court grants the motion.

## Background

On January 25, 2007, McKernan, a City fire marshal, appeared at Nagle's place of employment to conduct an inspection. (Compl. ¶ 5.) McKernan handed Nagle a note that said:

> This is a violation for making me think of you for months. Etched in my memory is your red blouse – filled out nicely – and your flowered skirt which had a hypnotic effect on me when you walked. You were also wearing a black sweater. I'm not sure what you've done to me but [I] walked this whole building just to find you again. I'm sorry if this makes you uncomfortable.

(*Id.* ¶ 6; *id.*, Ex.) McKernan told Nagle that her employer had many fire violations and signaled to her to follow him to the back of the office where the alleged violations were located. (*Id.* at ¶ 7.) When the two reached the back of the office, McKernan leaned against the back of Nagle's body and inhaled and exhaled while "intimately press[ing] his face against the back of [Nagle's] head and neck." (*Id.* ¶ 8.)

Nagle alleges that McKernan's conduct violated her Fourteenth Amendment "liberty interest . . . in her bodily integrity to be free from sexual assaults." (*Id.* ¶ 17.) McKernan says her allegations do not state a constitutional claim.

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in the plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Federal Claim

The right to bodily integrity is a liberty interest protected by the Fourteenth Amendment's guarantee of substantive due process. *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003). A government actor's conduct violates that guarantee only if it "shock[s] the conscience." *King ex rel. King v. E. St. Louis Sch. Dist. 189*, ___ F.3d ___, No. 06-3440, 2007 WL 2241649, at *4 (7th Cir. Aug. 7, 2007). According to the Seventh Circuit, a conscience-shocking battery is one that is "serious, as distinct from . . . nominal, or trivial." *Alexander*, 329 F.3d at 916. The distinction is

2

important, the *Alexander* court said, because "any offensive touching . . . is a battery, [but] most batteries are too trivial to amount to deprivations of liberty." *Id.* (internal citations omitted). The distinction is driven home by a review of relevant cases. *Compare Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (teacher's rubbing of student's stomach while making suggestive remarks did not violate student's right to bodily integrity), *and Decker v. Tinnel*, No. 2:04-CV-227, 2005 WL 3501705, at *8-9 (N.D. Ind. Dec. 20, 2005) (claim that police officer kissed woman, touched her breasts, and forced his hand between her thighs during a ride-along did not rise to the level of a deprivation of due process), *with Wudtke v. Davel*, 128 F.3d 1057, 1063 (7th Cir. 1997) (superintendent who forcibly touched teacher's breasts, repeatedly coerced her into engaging in oral sex, and threatened adverse employment action stated a Fourteenth Amendment claim); *Bennett v. Pippin*, 74 F.3d 578, 589 (5th Cir. 1996) (sheriff's rape of a murder suspect violated victim's substantive due process right to bodily integrity).

Plaintiff acknowledges these cases but contends that the following language from *King* alters the legal landscape:

> The inquiry into whether official conduct shocks the conscience in a given case is a necessarily fact-bound inquiry. The Supreme Court has noted that this standard lacks precise measurement, but has stated that the emphasis on whether conduct shocks the conscience points toward the tort law's spectrum of liability. Only conduct falling toward the more culpable end of the spectrum shall be found to shock the conscience. Thus, when the circumstances permit public officials the opportunity for reasoned deliberation in their decisions, we shall find the official's conduct conscience shocking when it evinces a deliberate indifference to the rights of the individual. On the other hand, where circumstances call for hurried judgments in order to protect the public safety or maintain the public order, and thereby render reasoned deliberation impractical, conduct must reach a higher standard of culpability approaching malicious or intentional infliction of injury before we shall deem official conduct conscience shocking.

*King*, 2007 WL 2241649, at *5 (quotation and citations omitted). Because she has alleged that McKernan's actions were planned and intentional, Nagle says that she has stated a constitutional claim in accordance with *King*.

The Court disagrees. Unlike *Nagle*, the plaintiff in *King* did not allege that the defendant school district had committed the battery she suffered. Rather, she claimed that the district's enforcement of one of its policies, that students not be permitted to re-enter a school building after they have left it, enabled third-parties to attack her. *Id.* at *1-5. Because the substantive due process claim in *King* was not based on the battery itself, the *King* court did not even discuss, let alone overrule or abrogate, the distinction between serious and nominal battery discussed in *Alexander*. *See id*. *King* does not, therefore, dictate the outcome of this motion.

In sum, though it is strange and inappropriate, McKernan's alleged conduct did not violate Nagle's Fourteenth Amendment right to substantive due process. The alleged incident was isolated, brief, involved only the slightest physical contact and no apparent threat. McKernan's conduct may have been tortious under state law, but it does not amount to a constitutional violation. McKernan's motion to dismiss plaintiff's section 1983 claim is, therefore, granted.

## State Claims

Having dismissed the only federal claim in this suit, the Court declines to exercise supplemental jurisdiction over Nagle's Count II battery claims against McKernan and the City. *See* 28 U.S.C. § 1367(c)(3) (stating that district court may decline to exercise supplemental jurisdiction over state claims when it has "dismissed all claims over which it has original jurisdiction").

4

## Conclusion

For the reasons set forth above, McKernan's motion to dismiss [doc. no. 26] is granted, and the Court dismisses with prejudice the section 1983 claim plaintiff asserts against him in Count I of the complaint. The Court declines to exercise supplemental jurisdiction over the remaining claims, which are dismissed without prejudice to refiling in state court. This case is hereby terminated.

**SO ORDERED.** ENTERED: 9/28/07

HON. RONALD A. GUZMAN
United States District Judge